witkowlaw | a professional law corporation
Brandon J. Witkow (SBN 210443)
bw@witkowlaw.com
Cory A. Baskin (SBN 240517)
cb@witkowlaw.com
21031 Ventura Boulevard, Suite 603
Woodland Hills, California 91364
Tel:   818.296.9508
Fax:  818.296.9510

Attorneys for *Plaintiff*
COHEN INTERNATIONAL, INC. DBA HYDRO CLOTHING

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COHEN INTERNATIONAL, INC. DBA HYDRO CLOTHING, a California corporation,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>UNDER ARMOUR, INC., a Maryland corporation; DICK'S SPORTING GOODS, INC., a Delaware corporation & DOES 1-10, inclusive.<br><br>　　　　　　　　　Defendants. | Case No.:   2:15-cv-01625<br><br>**COMPLAINT FOR DAMAGES AND OTHER RELIEF FOR**:<br><br>**(1) TRADEMARK INFRINGEMENT (15 U.S.C. § 1114);**<br><br>**(2) FEDERAL UNFAIR COMPETITION (15 U.S.C. §1125); AND**<br><br>**(3) CALIFORNIA UNFAIR COMPETITION (CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200)**<br><br>**[JURY TRIAL DEMANDED]** |

**1**
**COMPLAINT**

Plaintiff Cohen International, Inc. dba Hydro Clothing for its claims for relief against defendants and each of them, allege as follows:

## A. THE PARTIES

1. Plaintiff Cohen International, Inc. dba Hydro Clothing ("Cohen") is a California corporation whose principal place of business is 7935 Alabama Avenue, Canoga Park, California 91304.

2. Defendant Under Armour, Inc. ("UA") is, on information and belief, a Maryland corporation headquartered in Baltimore, Maryland, registered to do business in the state of California and a resident within this district pursuant to 28 U.S.C. §§1391(c)(2) and 1391(d).

3. Defendant Dick's Sporting Goods, Inc. ("Dick's") is, on information and belief, a Pennsylvania corporation headquartered in Coralis, Pennsylvania, registered to do business in California, and a resident within this district pursuant to 28 U.S.C. §§1391(c)(2) and 1391(d).

4. Upon information and belief, defendants Does 1 through 10 are corporations and individuals whose identities are presently unknown but which participate in the chain of distribution of apparel products bearing symbols infringing on Cohen's registered trademark.

5. Upon information and belief, each defendant conspired and acted in concert with each other to commit the wrongs against Cohen alleged herein, and in doing so were at all relevant times the agents, servants, employees, principals, joint venturers, alter egos and/or partners of each other. Cohen is further informed and believes, and on that basis alleges, that in doing the things alleged in this complaint, each defendant was acting within the scope of authority conferred upon that defendant by the consent, approval and/or ratification of the other defendants, whether said authority was actual or apparent.

### B. JURISDICTION AND VENUE

6. This is an action under the Lanham Act for trademark infringement (15 U.S.C. § 1114) and unfair competition (15 U.S.C. § 1125), and under the California Unfair Competition Law for unfair, unlawful and fraudulent business practices (Business & Professions Code § 17200). Cohen seeks injunctive relief, damages, defendants' profits, disgorgement by defendants, enhanced damages, punitive damages and an award of costs and attorneys' fees.

7. This Court has subject matter jurisdiction over this action by virtue of 28 U.S.C. §§ 1331 and 1338, 28 U.S.C. § 1367 (a) and 15 U.S.C. § 1121(a), because Cohen alleges claims for relief pursuant to federal statutory law. The Court has supplemental jurisdiction over the Cohen's state law claim pursuant to 28 U.S.C. § 1367(a), because Cohen's state law claim is related to Cohen's claims under federal law.

8. Venue is appropriate in this Court pursuant to the provisions of 28 U.S.C. §§1391(c)(2) and 1391(d) because all named defendants reside within this district.

### C. FACTS COMMON TO ALL CLAIMS FOR RELIEF

9. E.Z. Green Hydroponics I, Inc. registered the trademark Hydro® on the principal register of the U.S. Patent and Trademark Office on June 27, 2006, registration number 3109252 ("the Hydro Mark"). E.Z. Green Hydroponics I, Inc. assigned the Hydro mark including all associated goodwill to plaintiff Cohen, which assignment was recorded at the U.S. Patent and Trademark Office on June 23, 2011. Since its first use in commerce in 1997, the Hydro Mark has been used in many items of apparel including, but not necessarily limited to, shirts, pants, baseball caps, hoodies, beanies, belts, socks and track suits. The Hydro Mark is currently in use on shirts and an expansion of use to include additional apparel items is in process.

10. A true and correct copy of the registration for the Hydro Mark is attached hereto as Exhibit "A" and a true and correct copy of the U.S. Patent and Trademark Office's Notice of Recordation of Assignment for the Hydro Mark from E.Z. Green

Hydroponics I, Inc. to Cohen is attached as Exhibit "B". This registration has become *incontestable* under the provisions of 15 U.S.C. § 1065.

11. Since June 30, 2000, E.Z. Green Hydroponics I, Inc. and Cohen International, Inc., through Cohen International, Inc.'s principal, Lior Cohen, has maintained a website at www.hydroclothing.com through which apparel bearing the Hydro Mark is advertised, marketed and available for purchase. Cohen and E.Z. Green Hydroponics I, Inc. from time to time have also sold apparel bearing the Hydro Mark directly to individual purchasers and through retail distributors.

12. Apparel bearing the Hydro Mark has always been of excellent quality as a result of the high standards of design and manufacture of the apparel products bearing the Hydro Mark.

13. Beginning in or about 2004 and continuing for approximately a five-year period, Cohen succeeded in marketing various apparel products containing the Hydro Mark on a succession of reality television shows on VH1, beginning with "Surreal Life," continuing to "Strange Love," and further continuing to "Flavor of Love I," "Flavor of Love II," and "Flavor of Love III," which starred the musician and television personality, Flavor Flav, of the rap group Public Enemy. Flavor Flav and the casts of these shows wore apparel provided to them by Cohen or its predecessor and bearing the Hydro Mark in most or all of the episodes broadcast. Cohen on information and belief alleges that the apparel bearing the Hydro Mark worn by Flavor Flav on "Flavor of Love" was the first time that a branded clothing line ever appeared on a television show without the brand blanked out.

14. The Hydro Mark obtained additional commercial exposure through multiple appearances of Flavor Flav in public and on the Jimmy Kimmel and other "talk" shows wearing Hydro Mark branded apparel.

15. Because of the value of the Hydro Mark to Cohen, Cohen has undertaken enforcement actions with other clothing manufacturers regarding its Hydro Mark, and

has licensed other clothing manufacturers to make and sell products bearing the Hydro Mark.

16. On information and belief, beginning in or about 2014, UA has offered for sale, through retailers and online, shirts, board shorts, pants, hoodies, and other clothing bearing UA's "Hydro Armour" line either alone – as "Hydro" – or as "Hydro Armour." Examples of such apparel offerings are attached hereto as Exhibit "C."

17. UA continues to offer these products for purchase online and through retailers, and continues to heavily advertise and promote these products at the present, despite being requested by Cohen to cease UA's infringement of the Hydro Mark.

18. Cohen has notified UA of its infringement, and has demanded that UA cease and desist from continued infringement of the Hydro Mark. Despite this notice, UA has refused to cease its infringing activities and continues to promote and sell products under the Hydro Mark. A true and correct copy of Cohen's communication requesting that UA cease use of the Hydro Mark is attached hereto as Exhibit "D."

19. UA's unauthorized use of the Hydro Mark is a trademark use which is likely to confuse the reasonably prudent consumer into believing that UA's infringing apparel products are produced by Cohen.

20. UA's unauthorized use of the Hydro Mark is also likely to cause confusion, or to cause mistake, or to deceive a reasonably prudent consumer as to the affiliation, connection, or association of UA with Cohen, and as to the origin, sponsorship, design, creation, authorization or approval of UA's apparel products by Cohen.

21. UA engaged in its infringing activities despite having constructive notice of Cohen's federal registration rights under 15 U.S.C. § 1072. On information and belief, UA's unauthorized use of the Hydro Mark was at all times intentional, and initiated and continued with full knowledge by UA of the already existing Hydro Mark.

22. Defendants Dick's and DOES 1-10, inclusive, are retailers who, on information and belief, have purchased from defendant UA apparel products bearing the Hydro Mark and resold those products to individual consumers. On information and belief, such sales have been made through existing retail outlets in malls and other shopping centers, as well as online through the websites operated by Dick's and the DOE retailers. On information and belief, Dick's and the DOE retailers are continuing to sell UA products bearing the Hydro Mark, despite being requested in writing by Cohen to cease their infringement of the Hydro Mark. A true and correct copy of Cohen's communication requesting that Dick's cease use of the Hydro Mark is attached hereto as Exhibit "E."

23. Defendants Dick's and DOES 1-10, inclusive, unauthorized use of the Hydro Mark is likely to cause the reasonably prudent consumer to believe that UA's infringing apparel products are produced by Cohen or, in the alternative, that UA's infringing apparel products are created, designed, approved, or authorized by Cohen.

24. Defendants Dick's and DOES 1-10, inclusive, unauthorized use of the Hydro Mark is also likely to cause confusion, or to cause mistake, or to deceive a reasonably prudent consumer as to the affiliation, connection, or association of Dick's and the DOE retailers with Cohen, and as to the origin, sponsorship, design, creation, authorization, or approval of Dick's and the DOE retailers apparel products by Cohen.

25. Defendants Dick's and DOES 1-10, inclusive, engaged in their infringing activities despite having constructive notice of Cohen's federal registration rights under 15 U.S.C. § 1072. On information and belief, Dick's and the DOE retailers unauthorized use of the Hydro Mark was at all times intentional, and initiated and continued with full knowledge by these defendants of the already existing Hydro Mark.

///
///
///

## FIRST CLAIM FOR RELIEF

## (Federal Trademark Infringement

## Against all Defendants)

26. By this reference, Cohen repeats and re-alleges each and every allegation contained in paragraphs 1 through 25 of this complaint, as if set forth in full.

27. The aforesaid use, improper use, and misuse of the Hydro Mark by UA, Dick's, and DOES 1 through 10 constitute trademark infringement under 15 U.S.C. § 1114 *et seq*. The commission of the aforesaid acts of infringement by defendants has caused and will continue to cause Cohen damages, and irreparable injury for which Cohen has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

## (Federal Unfair Competition

## Against all Defendants)

28. By this reference, Cohen repeats and re-alleges each and every allegation contained in paragraphs 1 through 27 of this complaint, as if set forth in full.

29. The foregoing acts of UA, Dick's, and DOES 1 through 10 are likely to confuse and mislead consumers and to induce the mistaken belief that defendants are associated with, sponsored by, or affiliated with Cohen.

30. The aforesaid acts of defendants constitute actionable unfair competition in violation of 15 U.S.C. § 1125(a). The commission by defendants of the aforesaid acts has caused and will continue to cause Cohen damages, and irreparable injury for which Cohen has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

## (California Unfair Competition

## Against all Defendants)

31. By this reference, Cohen repeats and re-alleges each and every allegation contained in paragraphs 1 through 25, 27, and 29 through 30 of this Complaint, as if set forth in full.

32. The aforesaid actions of UA, Dick's, and DOES 1 through 10 are unlawful, unfair, and fraudulent within the meaning of California Business & Professions Code § 17200. Such acts have caused and will continue to cause defendants to be unjustly enriched at the expense of Cohen.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff Cohen International, Inc. dba Hydro Clothing prays for the relief and remedies set forth below against defendants UA, Dick's, and DOES 1 through 10, and each of them:

A. That this Court grant an injunction enjoining and restraining defendants and their agents, servants and employees from further offering for sale or selling apparel products bearing the Hydro Mark through all channels of distribution currently existing or which defendants may create in the future;

B. That this Court grant an injunction enjoining and restraining defendants and their agents, servants and employees from directly or indirectly using the Hydro Mark without authorization from Cohen International, Inc., in any manner likely to cause confusion, mistake, or deception and that this Court further enjoin defendants, their agents, servants and employees from continuing all acts of unfair competition as herein alleged.

C. That defendants be required to pay Cohen International, Inc. damages in the amount which plaintiff has sustained in consequence of defendants' infringement of the Hydro Mark, defendants' unfair trade practices and unfair competition;

D. That defendants be required to disgorge to plaintiff defendants' profits from their acts of infringement and unfair competition.

E. That defendants be required to pay plaintiff treble damages for their acts of infringement, on the grounds that defendants' acts were willful.

F. That defendants be ordered to pay plaintiff the costs of this action and reasonable attorneys' fees.

G. That plaintiff have such other and further relief as the Court deems just and proper.

Dated: March 5, 2015                    witkowlaw, a professional law corporation

                                        By:  /s/ Brandon J. Witkow
                                               Brandon J. Witkow

                                        *Attorneys for Plaintiff*
                                        COHEN INTERNATIONAL, INC.
                                        DBA HYDRO CLOTHING

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff hereby demands a trial by jury as to all of plaintiff's claims for relief.

Dated: March 5, 2015                    witkowlaw, a professional law corporation

                                        By:  /s/ Brandon J. Witkow
                                               Brandon J. Witkow

                                        *Attorneys for Plaintiff*
                                        COHEN INTERNATIONAL, INC. DBA HYDRO CLOTHING