FINNEGAN, HENDERSON, FARABOW,   GARRETT & DUNNER, L.L.P.

Michael C. Elmer (SBN 60366)
michael.elmer@finnegan.com
2 Overlook Drive
Newport Beach, CA 92657
Telephone: (949) 715-5262
Facsimile:   (650) 849-6666

Robert F. McCauley (SBN 162056)
robert.mccauley@finnegan.com
3300 Hillview Avenue
Palo Alto, CA  94304
Telephone:   (650) 849-6600
Facsimile:    (650) 849-6666

Douglas A. Rettew (*pro hac vice* pending)
Danny M. Awdeh (*pro hac vice* pending)
Anna B. Naydonov (*pro hac vice* pending)
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

*Attorneys for Defendants*
UNDER ARMOUR, INC. and
DICK'S SPORTING GOODS, INC.

witkowlaw APLC

Brandon J Witkow
bw@witkowlaw.com
Cory A Baskin
cb@witkowlaw.com
21031 Ventura Boulevard Suite 603
Woodland Hills, CA 91364
Telephone:  818-296-9508
Facsimile:  818-296-9510

*Attorneys for Plaintiff*
COHEN INTERNATIONAL, INC. DBA
HYDRO CLOTHING

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| COHEN INTERNATIONAL, INC. DBA HYDRO CLOTHING,<br><br>                    Plaintiff,<br><br>          v.<br><br>UNDER ARMOUR, INC. and DICK'S SPORTING GOODS, INC.,<br><br>                    Defendants. | CASE NO. 2:15-cv-01625-PSG (JEM)<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>**DISCOVERY MATTER**<br><br>District Judge: Honorable Philip S. Gutierrez<br>Magistrate: Honorable John E. McDermott |

Plaintiff Cohen International, Inc. DBA Hydro Clothing ("Cohen") and Defendants Under Armour, Inc. ("Under Armour") and Dick's Sporting Goods, Inc. ("Dick's) (together, "Defendants"), stipulate and agree between and among themselves, by and through their attorneys, to the entry of this Protective Order to govern the use, dissemination, and disclosure of certain documents and materials described below and obtained by the parties through discovery or otherwise in this action.  The parties agree as follows:

## A.    Scope of Order

This Protective Order shall apply to all information, premises, documents, and things owned or controlled by the parties, or of any parents, subsidiaries, divisions, branches, affiliates, related companies, agents, or licensees of any party, or of any other parties added or substituted in this case, that are subject to discovery in this action, including without limitation, testimony adduced at depositions upon oral examination or upon written questions, answers to interrogatories, documents and things produced or otherwise provided, information obtained from inspection of premises or things, and answers to requests for admission (hereafter "Information and Materials").

## B.    Definitions

1.      As used in this Order, "Confidential" Information and Materials shall include all Information and Materials that have not been made public, the disclosure of which the disclosing party contends could cause harm to its business operations or provide improper advantage to others.  "Confidential" Information and Materials shall include, but shall not be limited to information that concerns or relates to (1) sales, marketing, manufacturing, or research and development; (2) financial performance; (3) manufacturing or other costs of doing business; (4) licenses or other confidential agreements; and/or (5) technical product details or methods of doing business.

2.      As used in this Order, "Highly Confidential—Attorneys' Eyes Only" Information and Materials shall include trade secrets within the meaning of the

Uniform Trade Secrets Act and all Information and Materials that the disclosing party has reasonable grounds to believe would, if known to any officer, director, employee, or agent of a receiving party, another third party, or to the public, lead to a significant harm or injury to the reputation and/or business of the disclosing party or provide improper advantage to others.

### C.    Marking Requirements

1.    All Information and Materials deemed *Confidential* or *Highly Confidential—Attorneys' Eyes Only* will be so identified and labeled by the producing party.

2.    If qualified Information and Materials cannot be labeled, they shall be designated as *Confidential* or *Highly Confidential—Attorneys' Eyes Only* in a manner to be agreed upon by the parties.

3.    In lieu of marking the original of a document or thing, if the original is not produced, the designating party may mark the copies that are produced or exchanged, but the other party, by its counsel, shall have the right to examine the original, to be provided with a full and complete copy, and to call for production of the original at the trial in this action.  However, nothing in this Stipulated Protective Order requires the production of privileged or work-product Information and Materials, or any Information and Materials that are otherwise not subject to discovery.  If a producing party inadvertently discloses to a receiving party information that is privileged, said producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item(s) of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege.  It is further agreed that the receiving party will return such inadvertently produced item(s) of information and all copies thereof within three (3) business days of receiving a written request for the return of such item(s) of information.

4.     The identification and labeling specified in Paragraphs C.1, C.2, and C.3 of this Order shall be made at the time when the answer to the interrogatory or the answer to the request for admission is served, and when a copy of the document or thing is provided to Under Armour, Dick's, or Cohen.  In the case of hearing and deposition transcript pages, the designating party shall advise opposing counsel of the specific pages to be maintained in confidence within forty-five (45) days after the receipt of the transcript or as otherwise agreed by counsel.  During this period, the entire transcript shall be deemed to be *Highly Confidential—Attorneys' Eyes Only*.

5.     In the event that a disclosing party discovers a failure to mark qualified Information or Materials as *Confidential* or *Highly Confidential—Attorneys' Eyes Only*, the other party shall be notified immediately and the following corrective action shall be taken:

(a)     The receiving party shall notify all persons who have received the Information and Materials that the Information and Materials are designated *Confidential* or *Highly Confidential—Attorneys Eyes' Only* and must be treated as designated in this Order;

(b)     The receiving party shall take all reasonable steps to place the applicable *Confidential* or *Highly Confidential—Attorneys' Eyes Only* label on the designated Information and Materials; and

(c)     The receiving party shall treat the newly marked Information and Materials as set out in Paragraphs F and G of this Order.

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. 2:15-CV-01625-PSG (JEM)

**D.     Designating Information and Documents**

1.      In designating Information and Materials as *Confidential* or *Highly Confidential—Attorneys Eyes' Only*, a party will make such designation only as to that information that it in good faith believes to be *Confidential* or *Highly Confidential—Attorneys Eyes Only* as defined in Paragraph B of this Order.

2.      If counsel for a party believes that questions put to a witness being examined during a deposition will disclose *Confidential* or *Highly Confidential—Attorneys' Eyes Only* Information and Materials of his or her client, or that the answer to any question or questions requires such disclosure, or if documents to be used as exhibits during the examination contain such information, counsel shall so notify opposing counsel and the deposition of such witness, or portions thereof, shall be taken only in the presence of appropriate persons as defined in Paragraph F, counsel for the witness, if any, the stenographic reporter, and the officers or employees of the party whose *Confidential* or *Highly Confidential—Attorneys' Eyes Only* information is being disclosed.

**E.     Redaction**

Redacted versions of *Confidential* or *Highly Confidential—Attorneys' Eyes Only* materials that no longer contain *Confidential* or *Highly Confidential—Attorneys' Eyes Only* information, and that are not subject to this Order, may be used for any proper purpose for this case.

**F.     Access to *Confidential* or *Highly Confidential—Attorneys' Eyes Only* Information and Materials**

1.      It is the general intent of the parties to limit disclosure to the smallest number of persons, consistent with the needs of litigation.

2.      All access, possession, use, testing, inspection, study, or copying of any Information or Materials designated as *Confidential* under this Order is governed by this Order and is limited to the following persons:

4

a.  The law firms Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.; Witkowlaw APLC; litigation insurance/claims personnel at the Chubb Group of Insurance Companies and Zurich North America; and in-house counsel for Under Armour and Dick's, including attorneys, law clerks, stenographic, clerical, and paralegal employees whose functions require access to such *Confidential* Information and Materials.

b.  Two employee representatives of Under Armour, Dick's, and Cohen, not to include in-house counsel or members of the legal department.  Disclosures to such persons, however, will be allowed only after the conditions set forth in Paragraph F.4 of this Order are satisfied.

c.  Independent experts, consultants, or translators for each party and their clerical personnel, who are not employees of the parties or employees of Defendants' Competitors (defined below) (or their parents, subsidiaries, divisions, branches, affiliates, or agents), and whose advice and consultation will be used by such party in connection with preparation of this case for trial.  Disclosures to such persons, however, will be allowed only after the conditions set forth in Paragraph F.4 of this Order are satisfied.  In no event may Cohen or its counsel disclose any materials designated as *Confidential* or *Highly Confidential—Attorneys Eyes Only* to any Under Armour competitor, e.g., manufacturers of apparel and/or athletic products, or Dick's competitor, e.g. retailer or wholesaler of athletic apparel and/or sporting goods (together, "Defendants' Competitor") whether or not the Defendants' Competitor has executed Exhibit A and B to this Order.

3.      All access, possession, use, testing, inspection, study, or copying of any Information or Materials designated as *Highly Confidential—Attorneys' Eyes Only* under this Order is governed by this Order and is limited to in-house and outside counsel and their staff, as identified above in Paragraph F.2.a, and experts and their staff, as identified above in Paragraph F.2.c.

4.      Prior to any disclosure of *Confidential* Information and Materials to those persons named in Paragraph F.2.b of this Order, disclosing counsel shall obtain from each such person a copy of a signed undertaking as set forth in Exhibit A, including any information requested by Exhibit  A.  Prior to any disclosure of *Confidential* or *Highly Confidential—Attorneys' Eyes Only* Information and Materials to those persons named in Paragraph F.2.c. of this Order, disclosing counsel shall obtain from each such person a copy of a signed undertaking as set forth in Exhibit B, including any information requested by Exhibit B.

5.      The parties will attempt to resolve any disagreements about the designation of Information and Materials designated as *Confidential* or *Highly Confidential—Attorneys' Eyes Only* on an informal basis before presenting the dispute to the Court by motion or otherwise.  Acceptance by a party of Information and Materials as *Confidential* or *Highly Confidential—Attorneys' Eyes Only* will not, of itself, constitute an admission that the designated Information and Materials is entitled to protection.  If unable to resolve any such disagreements, the objecting party shall file an appropriate motion with the Court.  Information and Materials designated as *Confidential* or *Highly Confidential—Attorneys' Eyes Only* shall remain under the protection of this Stipulated Protective Order until there is an order of the Court to the contrary or until there is an express written agreement between the parties.  No party shall be obliged to challenge the proprietary of a *Confidential* or *Highly Confidential—Attorneys Eyes' Only* designation at the time of production, and failure to do so shall not preclude a subsequent attack on the propriety of such designation.

6

**G.      Handling *Confidential* and *Highly Confidential—Attorneys Eyes Only* Information and Materials**

1.      Copies of *Confidential* or *Highly Confidential—Attorneys Eyes Only* Information and Materials shall not be made public by the party to whom they are disclosed unless they become a part of the public record in this action by agreement of the parties or by order or action of the Court.  *Confidential* or *Highly Confidential— Attorneys Eyes' Only* Information and Materials may be included in whole or in part in pleadings, motions, or briefs only if such Information and Materials are filed with the Court under seal and in accordance with Local Rule 79-5.  The parties stipulate that Information and Materials identified and labeled in accordance with this Paragraph shall be received in camera as directed by the Court.

3.      Within sixty (60) days after the final judgment and the exhaustion of any appeals in this action or the settlement of this action, all Information and Materials covered by this Order, except those in possession of the Court, shall be destroyed, except that outside counsel may maintain one copy of all correspondence and pleadings.  Subject to this exception, outside counsel shall certify to counsel for the producing party the destruction of all additional copies of Information and Materials so designated in their possession, custody or control.

**H.      Miscellaneous**

1.      This Order shall not prevent a party from applying to the Court for relief from the Order or any part thereof, or for relief from its application in any particular circumstance, or from applying to the Court for further or additional protective agreements or orders.

2.      This Order shall survive the final termination of this or related proceedings to the extent that the *Confidential* or *Highly Confidential—Attorneys' Eyes Only* Information and Materials have not or do not become known to the public.

3.      No copy of any transcript of any deposition taken by any party that is designated in part or in whole as *Confidential* or *Highly Confidential—Attorneys'*

7

*Eyes Only* shall be furnished by the reporter to any person other than to counsel for the parties. Neither the original nor any copy of any transcript of any deposition taken in this proceeding shall be filed with the Court or used during the trial in this action until the parties' outside counsel have had the opportunity to designate those portions, if any, of the transcript that are to be regarded as *Confidential* or *Highly Confidential—Attorneys' Eyes Only* as provided in Paragraph C.4. Upon such a designation, the designated portions of the transcript to be filed with the Court or used during the trial shall be filed under seal in accordance with Paragraph G of this Order, unless otherwise agreed by the parties or ordered by the Court.

4.      Each person having access to *Confidential* or *Highly Confidential—Attorneys' Eyes Only* Information and Materials under this Order shall take all reasonable steps to comply with this Order.

5.      Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this proceeding and, in the course of the proceeding, referring to or relying upon his or her examination of *Confidential* or *Highly Confidential—Attorneys' Eyes Only* Information and Materials; provided, that in rendering such advice and in otherwise communicating with clients, the attorney shall not make specific disclosure to any person of any *Confidential* or *Highly Confidential—Attorneys' Eyes Only* Information and Materials.

6.      Any person bound by this Order may rely on a waiver or consent that is made by an attorney for a party as if that waiver or consent was made by that party or person, provided that such waiver or consent shall be either in writing or on record in a hearing, trial, or deposition transcript.

7.      A person or an entity that is not a party to this litigation may take advantage of the protection of *Confidential* or *Highly Confidential—Attorneys' Eyes Only* Information and Materials provided by this Order, and such person or entity shall be entitled to all rights and protections afforded the disclosing party under this Order.

8.      This Order shall not be construed:  (a) to prevent any party or its attorneys from making use of information that is lawfully in its possession prior to its disclosure by the Producing Party; (b) to apply to information that appears in public records, printed publications, or otherwise becomes publicly known; or (c) to apply to information that any party or its attorneys have, after disclosure by the Producing Party, lawfully obtained from a third party having the right to disclose such information.

The parties, through their undersigned counsel, agree to the terms of this Stipulated Protective Order as of the last dates shown below.

Respectfully submitted,

Dated: November 4, 2015                   witkowlaw, a professional law
                                          corporation

                                          By:  */s/ Brandon J. Witkow*
                                                 Brandon J. Witkow

                                          *Attorneys for Plaintiff*
                                          COHEN INTERNATIONAL, INC.
                                          DBA HYDRO CLOTHING

Dated: November 4, 2015                   FINNEGAN, HENDERSON,
                                          FARABOW, GARRETT &
                                          DUNNER, LLP

                                          By:  */s/ Robert F. McCauley*
                                                 Robert F. McCauley

                                          *Attorneys for Defendants*
                                          UNDER ARMOUR, INC. &
                                          DICK'S SPORTING GOODS, INC.

### ATTESTATION

I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing of this document.

                                          */s/ Robert F. McCauley*
                                          Robert F. McCauley

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. 2:15-CV-01625-PSG (JEM)

1

2   **IT IS SO ORDERED** on this 5th day of October 2015.

3

4   _____

5   The Honorable John E. McDermott

6   United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

*Cohen International, Inc. v. Under Armour, Inc.*
*and Dick's Sporting Goods, Inc.*
**2:15-cv-01625-PSG (JEM)**
**United States District Court for the Central District of California**


**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**


UNDERTAKING OF _____

STATE OF _____

COUNTY OF _____


     I, _____, being duly sworn, state that:

    1.     My address is:

    2.     My employer is:

    3.     My present occupation or job description is:

    4.     I have received a copy of the Stipulated Protective Order in this case.

    5.     I have carefully read and understand the provisions of the Stipulated Protective Order.

    6.     I will comply with all of the provisions of the Stipulated Protective Order and understand that a violation of the Stipulated Protective Order or this Agreement could result in sanctions against me.

    7.     I will hold in confidence and not disclose to anyone not qualified under the Stipulated Protective Order any "Confidential" Information or Materials disclosed to me.

    8.     I will return all Information and Materials containing or disclosing "Confidential" Information and Materials which come into my possession, and Information and Materials that I have prepared relating thereto, to counsel for the party that provided me with the "Confidential" Information and Materials.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9.      I submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order in this case.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____          By:   _____

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. 2:15-CV-01625-PSG (JEM)

**EXHIBIT B**

*Cohen International, Inc. v. Under Armour, Inc.*
*and Dick's Sporting Goods, Inc.*
**2:15-cv-01625-PSG (JEM)**
**United States District Court for the Central District of California**


**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**


UNDERTAKING OF _____

STATE OF _____

COUNTY OF _____


I, _____, being duly sworn, state that:

1.      My address is:

2.      My employer is:

3.      My present occupation or job description is:

4.      I have never been employed and am not currently employed by any of the parties in this case, or by any parents, subsidiaries, divisions, branches, affiliates, or competitors of any of the parties in any capacity other than as an expert, consultant, or translator in this proceeding.

5.      I have received a copy of the Stipulated Protective Order in this case.

6.      I have carefully read and understand the provisions of the Stipulated Protective Order.

7.      I will comply with all of the provisions of the Stipulated Protective Order and understand that a violation of the Stipulated Protective Order or this Agreement could result in sanctions against me.

8.      I will hold in confidence and not disclose to anyone not qualified under the Stipulated Protective Order any "Confidential" or "Highly Confidential—Attorneys' Eyes Only" Information or Materials disclosed to me.

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. 2:15-CV-01625-PSG (JEM)

9.      I will return all Information and Materials containing or disclosing "Confidential" or "Highly Confidential—Attorneys' Eyes Only" Information and Materials which come into my possession, and Information and Materials that I have prepared relating thereto, to counsel for the party that provided me with the "Confidential" "Highly Confidential—Attorneys Eyes Only" Information and Materials.

10.     I submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order in this case.

I declare under penalty of perjury that the foregoing is true and correct.


Date: _____        By: _____

14